# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

THOMAS GALLAGHER,                               CASE NO: 2:24-cv-787

    Plaintiff,

vs.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC.

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT
## JURY DEMAND

1. Plaintiff, THOMAS GALLAGHER ("Plaintiff" or "Mr. Gallagher") brings this action against TRANS UNION, LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Lee County, Florida.

## **PARTIES**

4. Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Lee County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6. Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

7. Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

8. Trans Union, Experian, and Equifax shall collectively be referred to as Credit Reporting Agencies ("the CRAs.")

## FACTUAL ALLEGATIONS

9. Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:
>
> i. credit or insurance to be used primarily for personal, family, or household purposes;
>
> ii. employment purposes; or
>
> iii. any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

10. The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

11. The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRA may report the results of a reinvestigation that finds incomplete or inaccurate and/or misleading information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

12. To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian (the three major "National CRAs"), along with Innovis Data Solutions, Inc., developed and implemented a browser-based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

13. The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/ (last accessed August 14, 2024).

14. The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. *Id.*

15. The National CRAs, provide notice of a consumer's dispute to data furnishers in the ACDV format, and forward the ACDV to the furnisher through e-OSCAR.

16. If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate and/or misleading, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 1681s-2(b)(1)(D).

17. The e-OSCAR system facilitates the furnisher's compliance with 15 U.S.C. § 1681s-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. See https://www.e-oscar.org/getting-started (last accessed August 14, 2024).

18. Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

19. Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and states that e-OSCAR is "in compliance with FCRA and Metro 2 standards." *See*, https://www.transunion.com/data-reporting/support-teams (last accessed August 14, 2024).

20. On October 17, 2022, Mr. Gallagher opened a secured credit account with Truist Bank where he pledged $5,000 as collateral in order to open a line of credit ("LOC").

21. When Mr. Gallagher opened the LOC, he also opened a Money Market Account with Truist Bank ("MMA") based on the recommendation of the bank teller who attended to Mr. Gallagher.

22. The Truist representative explained to Mr. Gallagher that Truist would transfer money from his MMA to the LOC when his credit card reached a limit of $5,000.

23. Based on information and belief, the MMA had well over $5,000 to adequately pay his credit line in full.

24. Mr. Gallagher eventually learned that Truist never transferred any funds from his MMA to his LOC when the $5,000 limit was reached, which caused a late payment mark on his credit reports in January 2023 and February 2023.

25. Mr. Gallagher suffered the same damage in May 2023 and June 2023 when he was marked thirty days late for each month.

26. Mr. Gallagher tried to have the information corrected by sending a written dispute to the CRAs on or about July 7, 2023 (hereinafter "Initial Disputes"). A redacted correct copy of the Initial Disputes to the CRAs are attached hereto as part of Composite Exhibit "A."

27. The Initial Disputes attached Mr. Gallagher's MMA statement showing his balance at the time was more than enough to cover a $5,000 balance.

28. After the Initial Disputes, the CRAs continued to report the inaccurate and/or misleading Truist information on Plaintiff's credit reports.

29. As a result, Mr. Gallagher decided to write a second dispute letter on or about April 11, 2024, to the CRAs (hereinafter "Second Dispute.")  A redacted copy of the second dispute is attached as part of Composite Exhibit "B."

30. Even after receiving the Second Dispute, with details describing why the reporting was inaccurate and/or misleading, Trans Union relayed that correspondence to Truist, who failed conduct a reasonable investigation and once again furnished inaccurate and/or misleading information back to Trans Union.

There was no reinvestigation results sent by Trans Union, so Plaintiff obtained a copy of his updated report and saw the Truist account was still being reported in a inaccurate and/or misleading way.

31. Even after receiving the Second Dispute, with details describing why the reporting was inaccurate and/or misleading, Experian relayed that correspondence to TRUIST, who failed conduct a reasonable investigation and once again furnished inaccurate and/or misleading information back to Experian.

32. Even after receiving the Second Dispute, with details describing why the reporting was inaccurate and/or misleading, Equifax relayed that correspondence to TRUIST, who failed conduct a reasonable investigation and once again furnished inaccurate and/or misleading information back to Equifax.

33. The CRAs reliance on TRUIST has caused the Inaccurate and/or misleading Information to be sent to third parties and remain on Plaintiff's credit reports when evaluating Plaintiff's credit worthiness.

34. The dates when the Inaccurate and/or misleading Information was viewed are reflected as "Regular Inquiries" or "Hard Inquiries" on Plaintiff's consumer disclosures following the Initial and Second Dispute.

35. One or more of the enumerated "Regular Inquiries" and/or "Hard Inquiries" have resulted in damages to Plaintiff in multiple forms, including economic and non-economic harm.

36. Unless and until the Inaccurate and/or misleading Information is no longer a factor in Plaintiff being denied credit, being granted credit at increased

rates, losing the opportunity to benefit from credit, or Plaintiff being forced to procure a co-signer to be granted any credit under any terms, these economic losses will continue.

### COUNT I - VIOLATIONS OF 15 U.S.C. §1681i
### (AGAINST TRANS UNION FOR INITIAL AND SECOND DISPUTE)

37. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 5, 8 – 30, and 33 – 36.

38. At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

39. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

40. During the relevant time frame, Trans Union received Plaintiff's Initial Dispute and Second Dispute regarding the accuracy or completeness of the TRUIST account appearing on Plaintiff's consumer disclosure.

41. Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate and/or misleading information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

42. Additionally, Trans Union unreasonably relied on information provided by TRUIST, when readily verifiable information that Plaintiff provided in the Initial Dispute and Second Dispute placed Trans Union on notice that TRUIST's information was inaccurate and/or misleading and unreliable.

43. Trans Union's acts or omissions were willful, rendering it liable to

Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

44. Alternatively, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

45. As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with the Inaccurate and/or misleading Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT II - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST TRANS UNION

46. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 5, 8 – 30, 33 – 36.

47. At all times relevant hereto, TransUnion is and was a "consumer reporting agency" as provided for under the FCRA.

48. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

49. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

50. Any users of credit reports that viewed the TRUIST account saw the Inaccurate and/or misleading Information.

51. Even after Plaintiff's Initial Dispute and Second Dispute, the TRUIST account is still being reported with the Inaccurate and/or misleading Information.

52. Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53. In the alternative, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

54. As a result of Trans Union's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate and/or misleading information in her credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT III – VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST EXPERIAN FOR INITIAL DISPUTE AND SECOND DISPUTE

55. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8 – 29, 31, and 33 - 36.

56. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

57. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

58. During the relevant time frame, Experian received Plaintiff's Initial Dispute and regarding the accuracy of the account reported by TRUIST on Plaintiff's credit report.

59. Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate and/or misleading information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

60. Experian failed to provide any reinvestigation results following Plaintiff's Initial Dispute and Plaintiff's follow-up letter requesting same.

61. Additionally, Experian unreasonably relied on information provided by TRUIST and/or Home Credit, when readily verifiable information that Plaintiff provided in her dispute(s) placed Experian on notice that TRUIST and Home Credit's information was inaccurate and/or misleading.

62. Even after Plaintiff's written dispute and follow-up, the TRUIST account is still being reported with the Inaccurate and/or misleading Information.

63. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

64. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

65. As a result of Experian's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate and/or misleading information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT IV– VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EXPERIAN

66. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8 – 29, 31, and 33 - 36.

67. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

68. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

69. During the relevant time frame, Experian received Plaintiff's Initial Dispute and follow-up correspondence regarding the accuracy of the account reported by TRUIST and/or Home Credit on Plaintiff's credit report.

70. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

71. Any users of credit reports that viewed the TRUIST account saw the Inaccurate and/or misleading Information.

72. Even after Plaintiff's written disputes, the TRUIST account is still being reported with the Inaccurate and/or misleading Information.

73. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

74. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

75. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate and/or misleading information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT V – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX FOR FIRST DISPUTE AND SECOND DISPUTE

76. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 7 – 29, and 32 - 36 as if fully set forth herein.

77. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

78. At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

79. During the relevant time frame, Equifax received Plaintiff's Initial

Dispute regarding the accuracy of the account reported by TRUIST and/or Home Credit on Plaintiff's credit report.

80. Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete Inaccurate and/or misleading information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

81. Additionally, Equifax unreasonably relied on information provided by TRUIST, when readily verifiable information that Plaintiff provided in her disputes placed Equifax on notice that TRUIST and Home Credit's information was inaccurate and/or misleading.

82. Even after Plaintiff's written dispute(s) the TRUIST account is still being reported with the Inaccurate and/or misleading Information.

83. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

84. In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

85. As a result of Equifax's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate and/or misleading information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

### COUNT VI – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

86. Plaintiff incorporates by reference her allegations in paragraphs 1 – 4, 7 – 29, and 32 - 36.

87. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

88. At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

89. During the relevant time frame, Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by TRUIST and/or Home Credit on Plaintiff's credit report.

90. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

91. Any users of credit reports that viewed the TRUIST account saw the Inaccurate and/or misleading Information.

92. Even after Plaintiff's written dispute(s), the TRUIST account is still being reported with the Inaccurate and/or misleading Information.

93. Equifax's acts and/or omissions were willful, rendering it liable to

Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

94. In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

95. As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate and/or misleading information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Equifax in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## JURY DEMAND

96. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021

Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorney for Plaintiff*